UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

UNITED STATES OF AMERICA,

    Plaintiff,

- against -                                Civil No. _____

$166,934.60 in U.S. Currency,

    Defendant.

-----------------------------X

## VERIFIED COMPLAINT FOR FORFEITURE

Plaintiff, United States of America, by its attorneys, Rod Rosenstein, United States Attorney for the District of Maryland, and Evan Shea, Assistant United States Attorney, brings this complaint and alleges as follows in accordance with Supplemental Rule G(2) of the Federal Rules of Civil Procedure:

## NATURE OF THE ACTION

1. This is a civil forfeiture action against U.S. currency involved in violations of 18 U.S.C. § 1343, wire fraud, that is subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C).

## THE DEFENDANTS IN REM

2. The defendant is $166,934.60 in U.S. currency (hereinafter, the "Defendant Currency").

3. The Defendant Currency is being held in a frozen accounts at Fidelity Investments. The Fidelity Investments account number(s) are: *2488, *2788, *5731, *9128, *7893, *7915, *5371 and *5398.

## JURISDICTION AND VENUE

4. Plaintiff brings this action *in rem* in its own right to forfeit and condemn the Defendant

Currency. This Court has jurisdiction over an action commenced by the United States under 28 U.S.C. § 1345, over an action for forfeiture under 28 U.S.C. § 1355(a), and over this particular action under 18 U.S.C. § 981(a)(1)(C).

5. This Court has *in rem* jurisdiction over the Defendant Currency under 28 U.S.C. § 1355(b).

6. Venue is proper in this district pursuant to 28 U.S.C. §1355(b)(1) and 28 U.S.C. § 1391(b)(2), because the acts or omissions giving rise to the forfeiture occurred in this district.

## BASIS FOR FORFEITURE

7. The Defendant Currency is subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) because it constitutes money, negotiable instruments, securities and other things of value furnished that constitute the proceeds of a fraud scheme involving one or more violations of 18 U.S.C. § 1343.

## FACTS

8. The National Institutes of Health and other federal agencies were the victims of a fraud scheme where individuals fraudulently intercepted electronic funds transfers initiated from the agencies' bank accounts. Fraudsters perpetrated the scheme by illegally gaining access to the federal government's online registry of federal contractors called the Central Contractor Registry ("CCR"). This password protected registry can be accessed online via the internet and maintains bank account information of government contractors and research institutions doing work for the United States Government. In the scheme leading to this complaint, fraudsters illegally gained access to the CCR and changed the bank account and routing information of contractors and research institutions so that electronic payments from various government agencies were intercepted. These electronic funds payment occurred via the Automated Clearing House ("ACH") electronic payments system. Thus, when the federal government agency approved and

made an ACH payment to a contractor or research institution, the fraudsters diverted the ACH payment to accounts controlled by the fraudsters at Fidelity Investments.

9. Investigators from Fidelity Investments and the Federal Bureau of Investigation ("FBI") also determined that the accounts receiving the proceeds of this fraud, listed below, were involved in the same scheme. Investigators identified five account relationships that were linked together. One of the five account relationships no longer has any remaining funds and is not included below.

10. The following accounts at Fidelity Investments were used to receive fraudulent ACH payments from United States government agencies:

| Fidelity Account # | Name | Opening Date | Login ID |
|---|---|---|---|
| *2488 | Michael Orona | 3/19/2008 | |
| *2788 | Michael Orona | 2/1/2008 | MIcHRONA7 |
| *5731 | Keith Williams | 1/15/2008 | B719cTxR2 |
| *9128 | Keith Williams | 3/13/2008 | |
| *7893 | Samuel Wanyora | 5/19/2008 | SaM23c1Ko |
| *7915 | Samuel Wanyora | 5/19/2008 | |
| *5371 | Victor Oruko | 5/13/2008 | VIC78B23 |
| *5398 | Victor Oruko | 5/13/2008 | |

Information from Fidelity Investments indicates that each account held in the same name were linked accounts and thus formed one account relationship.

11. The following chart indicates the fraudulent diversion of ACH payments from United States government agencies into the Fidelity Investment accounts:

| Agency | Intended Recipient | Fidelity Account | Date | Amount |
|---|---|---|---|---|
| DoD | N. M. Institute of Technology | *2488 (Orona) | 4/11/2008 | $25,017.51 |
| DFAS | N. M. Institute of Technology | *9128 (Williams) | 3/31/2008 | $38,205.00 |
| NPS | University of West Florida | *5371 (Oruko) | 5/22/2008 | $3,883.75 |
| DFAS | University of West Florida | *5371 (Oruko) | 5/28/2008 | $1,502.41 |
| NIH | University of Notre Dame | *7893 (Wanyora) | 6/3/2008 | $135,009.26 |
| DFAS | University of Notre Dame | *7893 (Wanyora) | 6/3/2008 | $32,593.50 |
| USAID | The Research Foundation | *7915 (Wanyora) | 5/21/2008 | $10,217.18 |

12. As indicated in the above chart and by way of example, the National Institutes of Health based in Bethesda, Maryland initiated an ACH payment of $135,009.26 to the University of Notre Dame in South Bend, Indiana on June 3, 2008. However, the ACH payment did not make its way to the University of Notre Dame. Instead, the fraudsters altered the University of Notre Dame's routing information and diverted the payment to UMB Bank in Missouri. From there, the fraudsters directed the funds to be transferred to Fidelity Investments account number *7893 held in the name of Samuel Wanyora. The Samuel Wanyora account relationship also received the proceeds of the fraud scheme on May 21, 2008. The *7915 account, also held in the name of Samuel Wanyora and linked to the *7893 account, received an ACH payment of $10,217.18 from the United States Agency for International Development. This payment was intended for The Research Foundation but was diverted to the *7915 account.

13. The following chart indicates the amount in the account relationships frozen by Fidelity:

| Name | Amount |
| --- | --- |
| Wanyora | $161,162.57 |
| Orona | $2,499.44 |
| Oruko | $3,269.70 |
| Williams | $2.89 |
| Total | $166,934.60 |

14. Additional investigation indicated that the Orona and Williams Fidelity Investments accounts were both accessed by the same computer from Kenya. The Orona and Williams accounts are therefore directly linked by the fact that the same computer accessed both Fidelity Investments account relationships.

15. The Orona and Williams accounts are also linked to the Wanyora and Oruko accounts by the similar nomenclature in the login identification names chosen by the individual setting up the account. The Orona, Wanyora, and Oruko accounts all shares similar patterns in their login identifications as identified in the chart in paragraph 10 above. Specifically, all three accounts have at least the first three letters of the account holder's first name in the login identification.

16. The accounts held in the four names listed above are also linked to the same scheme by the fact that the accounts identified in paragraph 10 were all created within a four month period, January 2008 to May 2008, from a computer accessing the internet in Kenya through the same internet service provider. Subsequently, the fraudulent diversion of funds to all the accounts occurred from March 2008 to June 2008. In addition, all the funds in these accounts came from U.S. government agencies. These accounts were also subsequently accessed by a computer from the same internet provider. Finally, the email accounts used to open the Fidelity Investments

accounts and correspond with Fidelity Investments were all created from a computer accessing the internet through an internet service provider in Kenya.

17. Fidelity Investments froze the accounts identified in paragraph 10 based on its own fraud investigation. Since Fidelity internally froze these accounts, no one has claimed the funds in them. However, individuals have attempted to access one or more of these accounts via the internet from a computer accessing the internet from in Kenya, except for one instance where access to an account was attempted through a U.S.-based wireless telephone.

18. The true Michael Orona and Keith Wiliams were interviewed by the FBI and both men denied any knowledge of the accounts or any fraudulent scheme associated with their identities. Victor Oruko was deported from the United States because of his violent criminal conduct and was denied re-entry to the United States several years prior to fraud scheme occurring. Samuel Wanyora was neither located nor interviewed by the FBI, however, he has never come forward to claim the money and his identity has been reported by other financial institutions as being involved in activity consistent with money laundering and bank fraud.

19. Each account established at Fidelity had a corresponding unattributable free e-mail account associated with it. In particular, the Wanyora account had an e-mail account established in Kenya shortly before the Fidelity account was opened in Wanyora's name.

**WHEREFORE**, plaintiff, the United States of America, prays that all persons who reasonably appear to be potential claimants with interests in the Defendant Currency be cited to appear herein and answer the Complaint; that the Defendant Currency be forfeited and condemned to the United States of America; that upon Final Decree of Forfeiture, the United

States Marshal dispose of the Defendant Currency according to law; and that the plaintiff have such other and further relief as this Court deems proper and just.

Dated: June 11th, 2013.

                              Respectfully submitted,

                              Rod J. Rosenstein
                              UNITED STATES ATTORNEY
                              District of Maryland

By: /s/ E. T. Shea
                              Evan Shea
                              Assistant U.S. Attorney
                              36 South Charles Street
                              Fourth Floor
                              Baltimore, MD 21201
                              410-209-4989

## **VERIFICATION**

I, Kenneth Pondo, declare under penalty of perjury as provided by 28 U.S.C. § 1746, that the facts provided in foregoing Complaint for Forfeiture *in rem* are based on reports and information furnished to me by a special agent of the Federal Bureau of Investigation and that everything contained therein is true and correct to the best of my knowledge and belief.

*Kenneth J Pondo*
Kenneth Pondo
Federal Bureau of Investigation
Baltimore, Maryland
District of Maryland

8

**MEMORANDUM**

| | |
|---|---|
| DATE: | June 11, 2013 |
| TO: | Kristine Cupp<br>U.S. Marshal Service |
| FROM: | Theresa Tepe<br>Paralegal Specialist<br>U.S. Attorney's Office - District of Maryland |
| RE: | **U.S. v. $166,934.60 U.S. CURRENCY**<br><br>**Civil Action No.**<br><br>**CATS ID:**<br>**Agency Case No. -** |

    The United States has filed a forfeiture action against **$166,934.60 U.S. CURRENCY**. A copy of the Complaint for Forfeiture is attached.

    Notice of this seizure will be published at www.forfeiture.gov pursuant to Rule G of the Supplemental Rules for Admiralty or Maritime and Asset Forfeiture Claims.

    Thank you.

Attachment

1

**U.S. Department of Justice**
**United States Marshals Service**

**PROCESS RECEIPT AND RETURN**

| | |
|---|---|
| PLAINTIFF: UNITED STATES OF AMERICA | COURT CASE NUMBER: |
| DEFENDANT: $166,934.60 U.S. Currency | TYPE OF PROCESS: Verified Complaint in Rem |

**SERVE AT**

NAME OF INDIVIDUAL, COMPANY, CORPORATION, ETC. TO SERVE OR DESCRIPTION OF PROPERTY TO SEIZE OR CONDEMN

ADDRESS (Street or RFD, Apartment No., City, State, and ZIP Code)

SEND NOTICE OF SERVICE TO REQUESTER AT NAME AND ADDRESS BELOW:

Theresa G. Tepe, FSA Paralegal Specialist
U.S. Attorney's Office
36 S. Charles Street, 4th floor
Baltimore, Maryland 21201

Number of process to be served with this Form - 285:
Number of parties to be served in this case:
Check for service on U.S.A.

SPECIAL INSTRUCTIONS OR OTHER INFORMATION THAT WILL ASSIST IN EXPEDITING SERVICE (Include Business and Alternate Address, All Telephone Numbers, and Estimated Times Available For Service)

Arrest property. Fill in the date of arrest in this process receipt and return our copy.

Signature of Attorney or other Originator requesting service on behalf of: [signature]

TELEPHONE NUMBER: 410.209.4800
DATE: 6/11/13

**SPACE BELOW FOR USE OF U.S. MARSHAL ONLY - DO NOT WRITE BELOW THIS LINE**

I acknowledge receipt for the total number of process indicated. (Sign only first USM 285 if more than one USM 285 is submitted)

| Total Process | District of Origin | District to Serve | Signature of Authorized USMS Deputy or Clerk | Date |
|---|---|---|---|---|
| No. | No. | No. | | |

☐ I hereby certify and return that I ☐ have personally served, ☐ have legal evidence of service, ☐ have executed as shown in "Remarks", the process described on the individual, company, corporation, etc. at the address shown above or on the individual, company, corporation, etc., shown at the address inserted below.

☐ I hereby certify and return that I am unable to locate the individual, company, corporation, etc., named above (See remarks below).

Name and title of individual served (If not shown above).

☐ A person of suitable age and discretion then residing in the defendant's usual place of abode.

Address (complete only if different than shown above)

Date of Service | Time | am | pm

Signature of U.S. Marshal or Deputy

| Service Fee | Total Mileage Charges (including endeavors) | Forwarding Fee | Total Charges | Advance Deposits | Amount Owed to US Marshal or | Amount or Refund |
|---|---|---|---|---|---|---|
| | | | | | | |

REMARKS:

PRIOR EDITIONS MAY BE USED        SEND ORIGINAL + 2 COPIES to USMS.

1. CLERK OF COURT   2. USMS Record   3. Notice of Service   4. Billing Statement   5. Acknowledgment of Receipt